E-FILED
Tuesday, 01 March, 2005  04:25:49 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01-CR-30089 |
| | ) | |
| TIMMOTHY C. LINCOLN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

**A. Background Facts**

1. On June 14, 2002, this Court sentenced Lincoln to serve 15 months in prison, 3 years supervised release, and ordered him to pay $400 special assessment and $13,160.69 restitution to the victim of his offense, due immediately. (Doc. 32)

2. At that time, Lincoln was receiving disability benefits of $101 and had debts of approximately $12,000. PSP ¶¶ 73, 75

3. The Judgment and Commitment Order states that "[T]he defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after judgment pursuant to 18 U.S.C. § 3612(f)." (Doc. 32, p. 6)

4. On November 7, 2003, this Court entered a revocation judgment in which Lincoln was sentenced to 10 months imprisonment, 2 years supervised release, and ordered to pay restitution. This Court added the accumulated interest and instructed payment: "Outstanding balance on defendant's restitution is $13,323.14." (Doc. 70, p. 7)

5. The Defendant has made payments totaling $325, leaving a principal balance of $12,835. The restitution order accumulates interest at 2.10%. See Exhibit A.

B. **Defendant's Motion**

1. Lincoln requests this Court to: (1) waive interest on the restitution imposed under 18 U.S.C. § 3612(f)(3)(4); (2) or, in the alternative, limit the amount of interest or the length of the period during which interest accrues. (Doc. 87)

2. Lincoln's Affidavit in support of his motion states that he is now employed as a truck driver earning $1,052 per month in addition to $106 per month veteran's disability, and he has monthly expenses, and has debts totaling approximately $27,000 ($19,828.18 appears to be credit card debt to Bank One), as well as overdue child support of $6,693. Lincoln's Affidavit concludes that "Although I intend to make every effort to pay restitution, my partial physical disability, significant debt, and financial responsibilities to my three children will make payment difficult." (Doc. 87)

C. **Argument**

1. The Court is without jurisdiction at this time to waive or limit the interest on the defendant's restitution order.

The Court had the ability to waive the interest when the original judgment or revocation judgment which ordered payment of a restitution was imposed. 18 U.S.C. § 3612(f)(3). The Mandatory Victim's Restitution Act requires the sentencing court to order full restitution without consideration of the defendant's economic circumstances. 18 U.S.C. §§ 3663A(a)(1) & 3664(f)(1)(A). Interest recognizes the time value of money. If payment of restitution is delayed, interest on the amount of loss is needed to make the victim whole. In fact, interest is required on any fine or restitution of more than $2,500. 18 U.S.C. § 3612(f)(1). However, if the court determines that the defendant does not have the ability to pay interest, the court may waive or

limit the amount of interest or period of time that interest accrues. 18 U.S.C. § 3612(f)(3). Although not specifically stated in 18 U.S.C. § 3612(f)(3), the time for waiver of interest is at the time of sentencing.  Once the sentence is imposed, 18 U.S.C. § 3664(o) provides that a sentence imposing a restitution order is a final judgment which may be modified only under specific statutory provisions.

> 18 U.S.C. § 3664(o) provides:
>
> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that–
> (1) such a sentence can subsequently be--
>   (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>   (B) appealed and modified under section 3742;
>   (C) amended under subsection (d)(5); or
>   (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

The Defendant's motion to waive or modify the interest on his restitution does not come within any of the statutory provisions which authorize changing a final judgment.  Rule 35 authorizes changes, within 7 days of sentencing, for clerical errors and within one year upon the government's motion based on substantial assistance.  Section 3742 authorizes changes and modifications to sentences pursuant to appeals.  Section 3664(d)(5) allows the court to change the restitution amount in limited circumstances upon petition of a victim.  Sections 3664(k) and 3572 allow the Court to consider material economic change in the defendant's economic circumstances and adjust the payment schedule or require immediate payment in full, as the interest of justice requires.  There has been no material economic change and the interest of justice is best served by allowing interest on the restitution order.  Section 3613A allows the revocation and modification of conditions when a defendant is in default in paying a fine or

restitution. Section 3565 concerns the revocation of probation. Section 3614 allows a resentencing for knowing failure to pay a fine or restitution.

    2. Lincoln has the ability to pay interest on his restitution. Lincoln is earning more than he was when he was sentenced. He is presently making over $1,100 a month. Lincoln had debts when he was sentenced. He has increased his debt, but the main increase appears to be credit card debt which could be discharged in bankruptcy. The restitution order is valid for 20 years after release from prison. 18 U.S.C. § 3613(b). Lincoln still has about 18 years left in which to pay his restitution order. Pursuant to statute, the payments that Lincoln makes are applied first to reduce the principal. 18 U.S.C. § 3612(i). Therefore, the defendant's principal fine balance is decreasing. Also, pursuant to statute, the United States Attorney may waive the interest if collection is not likely to be effective. 18 U.S.C. § 3612(h).

    3. The cases cited by the Defendant in his motion do not support his motion to waive interest of this Court's final judgment. In United States v. Rhodes, the District Court of the Central District of Illinois waived interest at the time of sentencing on a restitution order of over one million dollars. United States v. Rhodes, 201 F.Supp. 2d, 906, 916 (C.D.Ill. 2002). In that case the defendant had a negative net worth of -$39,264.82. Id. In United States v. Tinker, the District Court of Oregon considered a motion to waive interest on a final judgment. United States v. Tinker, 1999 WL 517460 (D.Or. 1999). The court denied the motion to waive interest because there was no evidence to support a finding that the defendant did not have the ability to pay interest. Id. It does not appear in that case that the issue of the Court's jurisdiction to consider a change of a final judgment was raised.

4

WHEREFORE, the Defendant's request should be dismissed and/or denied.

        Respectfully submitted,
        JAN PAUL MILLER
        United States Attorney

By:   s/ Elizabeth L. Collins
       _____
       Elizabeth L. Collins, IL Bar No. 487864
       Attorney for Plaintiff
       United States Attorney's Office
       318 South Sixth Street
       Springfield, IL  62701
       Telephone:  217/492-4450
       Fax:  217/492-4888
       email:  beth.collins@usdoj.gov

## **CERTIFICATE OF SERVICE**

     The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

          Timmothy C. Lincoln
          1344 N. Third
          Springfield, IL  62701


     March 1, 2005                                            s/ Elizabeth L. Collins
Date:_____    _____