E-FILED
Wednesday, 20 July, 2005 10:52:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-30089 |
| | ) | |
| TIMMOTHY C. LINCOLN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Timmothy C. Lincoln's (Lincoln) Motion to Waive Interest on Restitution under 18 U.S.C. § 3612(f)(3)(A), or in the alternative, limit the amount of interest or the length of period during which interest accrues. This Court does not, at this time, have jurisdiction to waive or modify the amount of interest accrued from Lincoln's ordered restitution. A restitution order is a final judgment that may only be modified under specific conditions, which are not met here. Even if this Court did have jurisdiction, however, the Court would not waive or modify the interest requirement because Lincoln fails to show that his economic circumstances have significantly changed since

1

sentencing, such that they would prohibit him from making payments. Thus, the Defendant's Motion to Waive Interest on Restitution is DISMISSED for lack of jurisdiction.

## BACKGROUND

This Court sentenced Timmothy C. Lincoln on June 14, 2002, to 15 months imprisonment, 3 years supervised release, a $400.00 special assessment and restitution in the amount of $13,160.69. Minute Entry, June 14, 2002. On November 7, 2003, this Court revoked Lincoln's supervised release for admitted violations and sentenced him to 10 months imprisonment followed by 2 years of supervised release. Upon revocation, this Court reimposed the restitution balance of $13,323.14. Minute Entry, November 7, 2003.

Following Lincoln's release, he secured gainful employment as a truck driver earning approximately $1,052.00 per month. In addition, Lincoln receives veteran's disability payments of $106 per month. Motion to Waive Interest on Restitution, Affidavit of Timmothy C. Lincoln (Lincoln Aff.), ¶¶ 4, 5. In his affidavit, Lincoln claims the following monthly expenses: rent ($325.00), transportation ($50.00) and car insurance ($41.96). Lincoln Aff., ¶ 6. His debts total approximately $27,000.00 ($19,828.18 in credit

card debt owed to Bank One and $6,693.00 in overdue child support). <u>Lincoln Aff</u>., Exh. D and I.

On January 27, 2005, Lincoln filed his Motion to Waive Interest on Restitution under 18 U.S.C. § 3612(f)(3)(A) or, in the alternative, limit the amount of interest or the length of the period during which interest accrues, citing <u>United States v. Rhodes</u>, 201 F.Supp.2d 906, 918 n. 8 (C.D. Ill. 2002). For the reasons set forth below, Lincoln's Motion is dismissed.

## ANALYSIS

A defendant must pay interest on any restitution order of more than $2,500.00. 18 U.S.C. § 3612(f)(1). If the defendant does not have the ability to pay interest, the Court may: (1) waive the interest requirement, (2) limit the total amount of interest to a specific dollar amount, or (3) limit the the period during which interest accrues. 18 U.S.C. § 3612(f)(3). At Lincoln's sentencing, this Court ordered restitution with interest. Once entered, this restitution order became a final judgment. 18 U.S.C. § 3664(o).

A final judgment of restitution may be waived or modified only in limited statutory circumstances, which include: (1) correction under Rule 35 of the Federal Rules of Criminal Procedure, (2) appeal and modification

3

under 18 U.S.C. § 3742, (3) amendment under 18 U.S.C. § 3664(d)(5), or (4) adjustment under 18 U.S.C. §§ 3664(k), 3572 or 3613A. None of these situations are applicable to the present case.

Rule 35 allows for correction of a sentence: (a) within 7 days after sentencing for clerical errors, or (b) by the Government's motion within one year for substantial assistance from the defendant. Neither of these conditions apply to Lincoln. It was Lincoln, not the Government, that filed the present Motion, and he did not file his Motion until 3 years after sentencing.

Under 18 U.S.C. § 3742, a defendant may appeal a sentence. Lincoln's current Motion is not the result of a reversal on appeal.

Under 18 U.S.C. § 3664(d)(5), if the victim's losses are different than originally estimated, the victim may petition the court to modify the restitution. Lincoln is the offender, not the victim. Accordingly, 18 U.S.C. § 3664(d)(5) is clearly not relevant.

Finally, if Lincoln proves a material change in his economic circumstances, the court may modify the restitution order to promote the interests of justice. 18 U.S.C. §§ 3664(k), 3572. Further, if the defendant defaults on his restitution payments, the Court, by its own motion, may

4

revoke probation or supervised release. 18 U.S.C. § 3613(A). Section 3565 deals with the revocation of probation and the resulting modification of a restitution order. If the defendant defaults on payments, he may be resentenced. 18 U.S.C. § 3664(o). These provisions also are not applicable. Here, Lincoln has an income of approximately $1,150.00 per month. Lincoln Aff. ¶¶ 4, 5. His debt totals approximately $27,000.00. Lincoln Aff., Ex. D and I. Despite his debt, Lincoln has 18 more years to pay the ordered restitution under 18 U.S.C. § 3613(b), which provides for a repayment term of 20 years after release from imprisonment. Any payments are first applied to reduce the principal balance, which lessens the total amount of interest paid. 18 U.S.C. § 3612(i).

Lincoln's circumstances as set forth in his affidavit do not constitute a material change in his circumstances. He has made 10 payments of $25 or $50. He has secured and maintained gainful employment, and he has failed to prove that his economic circumstances prohibit him from paying. Therefore, he does not fall under any provision that allows modification of the restitution order. Plaintiff's Response to Defendant's Motion to Waive Interest (d/e 88) (Plaintiff's Response), Ex. A.

Because a restitution order is considered a final judgment under 18

5

U.S.C. § 3664(o) and none of the statutory provisions apply, this Court does not, at this time, have jurisdiction to waive or modify the sentence. The Court dismisses the Motion for lack of jurisdiction.

Even if this Court did have jurisdiction, however, the Court would not waive or modify the interest. Lincoln fails to show that his economic circumstances have changed such that he does not have the ability to pay. See 18 U.S.C. § 3664(k).

Lincoln cites two cases in support of his Motion: United States v. Rhodes and United States v. Tinker. Neither case, however, supports his request. In Rhodes, the Defendant's net worth was $39,264.82 and the restitution order totaled over one million dollars. The District Court for the Central District of Illinois waived the interest at the time it issued the restitution order. Rhodes, 201 F.Supp.2d at 916. The present case is distinguishable. Here, Lincoln's debt is $27,000 and his restitution order is for $13,323.14. Furthermore, the interest in the Defendant's case was not waived when this Court issued the restitution order.

In Tinker, the court found that because the defendant was able to find and maintain gainful employment, he could make the $490.00 monthly payments, including interest. The total amount of restitution was

$17,660.00.  <u>Tinker</u>, 1999 WL 517460 (D.Or. 1999).  The court made no waiver or modification.  <u>Id</u>.  In the present case, the total amount of restitution is $13,323.14.  Lincoln has secured gainful employment since November 24, 2004.  <u>Lincoln Aff</u>., ¶ 4.  As of February 10, 2005, Lincoln has paid $325 toward his restitution order.  <u>Plaintiff's Response</u>, Ex. A.

THEREFORE, the Court does not have jurisdiction to waive the restitution order because it is considered a final judgment modifiable only under certain statutory conditions.  Lincoln's Motion does not implicate any of these statutory provisions.  Even if this Court did have jurisdiction, the Court would not waive or modify the interest requirement.  Lincoln has secured gainful employment and made payments reducing the principal balance of his restitution order.  Lincoln's Motion to Waive Interest on Restitution (d/e 87) is DISMISSED for lack of jurisdiction.

IT IS THEREFORE SO ORDERED.

ENTER:   July 20, 2005.

     FOR THE COURT:

                                s/ Jeanne E. Scott  
                                JEANNE E. SCOTT  
                    UNITED STATES DISTRICT JUDGE